**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                      No. CIV-07-0317 LH/ACT
                                                                          CR-06-0026 LH

WILVER VILLALOBOS-PINEDA,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court sua sponte for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 21) filed March 30, 2007. *See* 28 U.S.C. § 2255 R. 4(b). By plea agreement, Defendant pled guilty to an indictment charging him with re-entry of a deported alien previously convicted of an aggravated felony under 8 U.S.C. § 1326(a)(1), (2), and (b)(2). In his § 2255 motion, Defendant alleges that the Court denied him the opportunity to allocute before sentencing, causing his federal sentence to be consecutive to a subsequent state sentence. He also asserts a claim of ineffective assistance of counsel. In an unclear third claim, Defendant expressly states that the Court lacked authority to order concurrent sentences.

      Defendant's allegations of sentencing error do not provide a basis for relief. The Clerk's minutes of the sentencing hearing (CR Doc. 15) indicate that Defendant addressed the Court before sentence was announced. Defendant thus was not denied allocution. Furthermore, as to both the first and third claims, the Court agrees with Defendant's assertions that it had no effective authority to order a sentence to be concurrent with a subsequently-imposed state court sentence. *See United*

*States v. Neely*, 38 F.3d 458, 461 (9th Cir. 1994) ("[A] federal court does not acquire discretion to impose a concurrent sentence until the defendant has been sentenced by another court."); *United States v. Ballard*, 6 F.3d 1502, 1510 (11th Cir. 1993) ("[C]onsecutive sentence imposed by the federal court . . . preserves [sentencing] prerogative for both sovereigns, while a prospective concurrent sentence would not."). The Court will dismiss Defendant's sentencing-error claims.

Nor does Defendant's motion state a claim of ineffective assistance of counsel. "To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him." *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999). "The performance component need not be addressed first. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.' " *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000) (quoting *Strickland v. Washington*, 466 U.S. 668, 697 (1984)). Here, "[a]s there was no error in the imposition of the sentence . . . , [Defendant] has made no showing of prejudice due to the alleged ineffective assistance of his counsel." *United States v. Tackles*, No. 02-8114, 2003 WL 1849350, at **2 (10th Cir. Apr. 10, 2003). Defendant is not entitled to relief, *see* § 2255 rule 4(b), and the Court will dismiss the § 2255 motion.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 21) filed March 30, 2007, is DISMISSED with prejudice; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE